Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>JAY ROBERT DARLING,<br><br>        Defendant. | NO. 3:02-cr-0084-RRB<br><br>**PETITION FOR POST CONVICTION RELIEF** |

       The defendant, Jay Darling, through counsel, petitions the court pursuant to 28 U.S.C. § 2255 to set aside his conviction and sentence for mail fraud.

**Ground One – Negated Factual Basis**

       Jay Darling's conviction and sentence for mail fraud in this case was based upon an indictment and plea agreement in which the government alleged, and the defendant admitted, a particular mail fraud scheme. The government, including the prosecutor who participated in Mr. Darling's federal sentencing, now negates that particular scheme and claims Mr. Darling had a different scheme to defraud. This situation denies

Mr. Darling his Fifth Amendment right to due process, because the government's current admissions indicate that the mail fraud scheme charged in the federal case had no basis in fact.

## Supporting Facts

In this federal case originating in 2002, the government charged a mail fraud scheme. The sole scheme charged and admitted was a plan, on the part of Mr. Darling, to defraud insurance companies by acquiring life insurance and then faking his own death in a kayaking accident. (See Exhibit A, Indictment, and Exhibit B, Plea Agreement.) In the federal indictment and plea agreement, there was no mention that Mr. Darling had a scheme to defraud the insurance companies by acquiring life insurance and then killing his wife, Wanda Darling. In fact, the federal plea agreement expressly negated such a scheme.

In 2005, the State of Alaska began prosecution for murder against Mr. Darling for the death of his wife, Wanda Darling. The State has designated, as "lead prosecutor" in the murder case, Assistant U.S. Attorney Crandon Randell, who represented the federal government at the sentencing of Mr. Darling by this Court. The federal government provides Mr. Randell's salary and other resources, such as file storage and supplies, while Mr. Randell prosecutes Mr. Darling at the present time. The government now alleges, in State Superior Court, that Mr. Darling did NOT scheme to fake his own death, but rather abandoned that idea many years ago. Instead, the scheme to defraud the insurance companies was solely based on Mr. Darling's alleged plan to obtain large life insurance

policies on Wanda Darling and then kill her.  (See Exhibit C, State's 404(b) Notice in the murder prosecution dated January 26, 2006.  See also, Exhibit D, page 6, Transcript of sentencing hearing in federal court, where Mr. Randell talked at length about the fake-his-own-death scheme, and where Judge Beistline specifically excluded consideration of the kill-Wanda scheme: "It's not a factor in what we're doing."  Page 20 of Transcript.)

The government's abrupt switch of theories denies Mr. Darling his due process rights under the Fifth Amendment to the Constitution.  Criminal defendants have a right to be convicted only on statutory elements supported by law and fact.  If later developments, either through changes in the law or newly discovered evidence, remove the basis of the original conviction, it is null and void and must be set aside.

Mr. Darling incorporates the supporting facts, exhibits and authorities alleged in Grounds Two through Four.

**Precedent**

There is ample precedence setting aside criminal convictions where the factual theory presented by the prosecution was later discredited in law.  When the Supreme Court held, in McNally v. United States, 483 U.S. 350 (1987), that mail fraud could not be based on an "intangible rights" theory, numerous defendants had writs of habeas corpus, coram nobis or reversals granted.  E.g.:  United States v. Runnels, 877 F.2d 481 (6th Cir. 1989); United States v. Fowler, 891 F.2d 1165 (5th Cir. 1990); United States v. Mandel, 862 F.2d 1067 (4th Cir. 1988).  The same procedure was followed after the Supreme Court decided Bailey v. United States, 516 U.S. 137 (1995), invalidating a

particular theory of firearms charges.  E.g.:  United States v. William Scott Barron, Jr., 172 F.3d 1153 (9th Cir 1999); United States v. Sandoval-Lopez, 122 F.3d 797 (9th Cir. 1997).  There is also support for invalidating a conviction where the prosecutor simply changes the factual theory from that presented to the grand jury.  Jeffers v. United States, 392 F.2d 749 (9th Cir 1968).

The situation here is similar to Jeffers although the prosecution has taken the new factual theory to another forum – the state court.  However, it is the same federal prosecutor, using federal resources, who is now invalidating the factual theory under which Jay Darling was prosecuted and pled in federal court.  The federal/state prosecutor has made current assertions which contradict and void the charges, plea and sentencing in federal court.

## Ground Two – Grand Jury Denial

The government's conduct here, in switching theories and negating the existence of facts involved in the federal mail fraud prosecution, denies Mr. Darling his Fifth Amendment right to conviction only upon the theory and facts presented to his federal grand jury.  A criminal defendant has the right to a group of citizens screening the government's charge.  The prosecutor cannot prove a different scheme (at trial or plea) than that presented to the grand jury.  The remedy for a fatal variance between the indictment and later proof, or for a constructive amendment of the indictment, is to grant a judgment of acquittal or, at this juncture, set aside the conviction and sentence.

Mr. Darling incorporates the supporting facts and exhibits alleged in Grounds One, Three and Four.

**Precedent**

The Fifth Amendment guarantees a criminal defendant the right to the protection of the grand jury. The prosecutor may not broaden or change the set of facts presented to the grand jury. Stirone v. United States, 361 U.S. 212, 215-216 (1960); United States v. Garcia-Paz, 282 F.3d 1212, 1215 (9th Cir. 2002); United States v. Pazsint, 703 F.2d 420, 423 (9th Cir. 1983).

Although the Homer state murder case is a different prosecution, the same prosecutor is involved. Mr. Randell presented a scheme to the federal grand jury whereby he alleged Jay Darling planned to fake his own death in a kayak accident. He now alleges such a scheme was abandoned before Jay Darling came to Alaska, and that the real scheme was to kill Wanda. This switching of theories renders the first federal proceeding a charade lacking factual basis and violating the defendant's Fifth Amendment right.

In effect, Mr. Randell has constructively amended Mr. Darling's indictment. A constructive amendment exists if the prosecutor presents a set of facts at trial distinctly different from those set forth in the indictment. United States v. Adamson, 291 F.3d 606, 615 (9th Cir. 2002). A constructive amendment mandates per se reversal. United States v. Bhagat, 436 F.3d 1140, 1145 (9th Cir. 2006). A material variance, which is a lesser deviation or change of theory, mandates reversal if it affects the defendant's substantial rights. Adamson, 291 F.3d at 615-616.

### Ground Three - Estoppel/Double Jeopardy

The government is estopped from objecting to the granting of this writ because a government agent, Mr. Randell, actively participates in denying the existence of the scheme under which Mr. Darling was prosecuted in this case in federal court.

Mr. Darling incorporates the supporting facts, exhibits and authorities alleged in Grounds One, Two and Four. He also asks the court to take judicial notice of the proceedings, in particular the statements of the prosecution, in this case and in State of Alaska v. Jay R. Darling, 3HO-S05-134CR.

### Precedent

The federal prosecutor and all federal government agents are bound by the previous explicit promises and statements of the government. United States v. Jureidini, 846 F.2d 964, 966 (4th Cir. 1988).

The Double Jeopardy clause of the Constitution incorporates the doctrine of collateral estoppel in criminal proceedings. Ashe v. Swenson, 397 U.S. 436 (1970); Schiro v. Farley, 510 U.S. 222 (1994). The government cannot take an inconsistent position in a later proceeding involving the same parties. In Smith v. Groose, 205 F.3d 1045 (8th Cir. 2000) the Court of Appeals for the Eighth Circuit granted a petition for writ of habeas corpus where the government relied on two factually inconsistent theories in trials of co-defendants. See also, Thompson v. Calderon, 120 F.3d 1045, 1058-59 (9th Cir. 1997) (en banc); rev'd on other grounds (involving habeas jurisdiction) 523 U.S. 538 (1998).

**Ground Four – Breach of Plea Agreement**

The federal government, on page 6 of the plea agreement, Exhibit B, promises "not to prosecute the defendant further for any known offenses arising out of the subject of the investigation." Despite this promise, and despite the fact that Jay Darling has fulfilled his promises in the federal plea agreement, the federal government is participating in further prosecution for facts known to the government at the time of the plea. In effect, this situation results in further prosecution of Mr. Darling by federal authorities and violates the plea agreement. The plea agreement should be withdrawn and the conviction set aside. In the alternative, the plea agreement should be specifically enforced, and the federal prosecutor should be enjoined from prosecuting Mr. Darling.

**Supporting Facts**

The State has designated Mr. Randell the "lead prosecutor" in the Homer murder case. The federal government pays his salary, and provides other resources such as storage, supplies, secretarial services, phone service and internet service to the murder prosecution.

The current state prosecution expressly disclaims the theory on which the federal prosecution was based and claims, instead of the scheme to fake his own death, that Mr. Darling had a scheme to kill his wife and collect the life insurance.

Mr. Darling also incorporates the facts alleged above in Grounds One through Three, and in the exhibits and records in both cases.

### Precedent

The government has the duty to fulfill its promises in the plea agreement. <u>Santobello v. New York</u>, 404 U.S. 257 (1971); <u>United States v. Lawton</u>, 193 F.3d 1087, 1092 (9th Cir. 1999); <u>United States v. Taylor</u>, 77 F.3d 368 (11th Cir. 1996). The courts and the public, as well as the defendant, have an interest in valid plea agreement – no criminal defendant would plead guilty if federal prosecutors routinely violated the agreement. <u>Taylor</u>, 77 F.3d at 371. Where the prosecutor violates his express promise not to prosecute, the plea agreement should be withdrawn or specifically enforced. <u>Santobello</u>, 404 U.S. at 263. See also, <u>United States v. Nelson</u>, 222 F.3d 545. 549 (9th Cir. 2000).

### Timeliness

There is a one-year filing period for a petition pursuant to 28 U.S.C. § 2255. This period ordinarily commences with the date of the conviction or the date a constitutional right was recognized by the Supreme Court. However, an alternative triggering date, authorized by statute, is the date "on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). This date is January 26, 2006, when the joint murder prosecution switched theories and claimed , in effect, that the factual basis of the federal conviction was false.

### Supporting Facts

Mr. Darling incorporates the supporting facts, exhibits and authorities alleged with Grounds One through Four.

DATED this 27th day of April 2006.

Respectfully submitted,

s/Sue Ellen Tatter
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:     907-646-3400
Fax:       907-646-3480
E-Mail:    sue_ellen_tatter@fd.org

Certification:
I certify that on April 27, 2006,
a copy of the **Petition for
Post-Conviction Relief** was
served electronically on:

Crandon Randell
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Sue Ellen Tatter

Case No. 3:02-cr-0084-RRB                                                                 Page 9