RECEIVED
JAN 15 2003

TIMOTHY M. BURGESS
United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney

Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel.: 907/271-5071

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | No. A02-084 CR (RRB) |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| v. | ) | |
| | ) | |
| JAY ROBERT DARLING, | ) | |
| | ) | |
| Defendant. | ) | |

I. **INTRODUCTION**

   A. This document contains the complete plea agreement between the

United States and the defendant, JAY ROBERT DARLING. No other agreement,

JAY ROBERT DARLING Plea Agreement

understanding, promise, or condition exists between these two parties. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state or local prosecuting authorities. The defendant and his counsel understand this plea agreement is not final until (1) it has been signed by the United States Attorney; (2) the fully executed agreement has been filed with the Court; and (3) the Court has accepted defendant's guilty plea.

B. The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(e)(1)(A) and (B). As noted in more detail below, this agreement contemplates a plea to Count 5, Mail Fraud, and the dismissal of Counts 1-4, Wire Fraud, of the Indictment. The defendant may withdraw from this agreement only if the Court does not grant the government's motion to dismiss Counts 1-4 of the Indictment, dated September 18, 2002. The terms of this agreement also mean that the defendant **may not withdraw** from this agreement if the court deviates from the sentencing recommendations made by the parties.

C. The parties agree that if the defendant's guilty plea is rejected, withdrawn, set aside, vacated or reversed at any time, the United States will be

free to prosecute the defendant on all charges covered by this agreement, including any charges that might have been brought but for this agreement.

D. Because this case arises out of conduct occurring after November 1, 1987, the defendant's sentence will be determined by application of the United States Sentencing Commission Guidelines (U.S.S.G.).

E. Because this is a negotiated resolution of the case against the defendant, the defendant waives any claim for the award of attorney's fees or litigation costs from the United States.

II. **WHAT THE DEFENDANT AGREES TO DO**

The defendant agrees the following obligations are material to this agreement. The defendant agrees that any violation of, or failure to fulfill these obligations will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter. Whether the defendant has violated the terms of this agreement will be determined by the court at an appropriate hearing during which any of the defendant's disclosures

JAY ROBERT DARLING Plea Agreement

will be admissible and the government's burden is by a preponderance of the evidence.

A.   The defendant is currently charged in an Indictment with four counts of Wire Fraud in violation of 18 U.S.C. § 1343, and one count of Mail Fraud in violation of 18 U.S.C. § 1341. Pursuant to this written agreement, the defendant agrees to plead guilty to Count 5 of the Indictment. The defendant understands the court will calculate his sentence by applying the United States Sentencing Commission Guidelines.

B.   The defendant agrees he will not seek any downward departures under the U.S.S.G. or any other authority.

C.   The defendant agrees to freely and openly acknowledge responsibility for the acts and omissions constituting the factual basis for the defendant's plea of guilty to Count 5 of the Indictment.

D.   The defendant agrees that, if the Court accepts this plea agreement and imposes a sentence no greater than the statutory penalties available for the offense, he will knowingly and voluntarily waive not only his right to appeal his conviction, but also his right, contained in 18 U.S.C. § 3742, to appeal any

JAY ROBERT DARLING  Plea Agreement

Page 4 of 20

Exhibit B - Page 4 of 20

sentence imposed. The defendant also knowingly and voluntarily agrees to waive his right to collaterally attack his conviction and/or sentence. The only exceptions to this collateral attack waiver are as follows: 1) any challenge alleging ineffective assistance of counsel-- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not now be known by him; and 2) a challenge to the voluntariness of his guilty plea. The defendant agrees that if his guilty plea is rejected, withdrawn, vacated, or reversed, at any time, the United States will be free to prosecute the defendant on all charges for which there is probable cause, arising out of the investigation of this case, including and in addition to charges that have been dismissed because of this agreement, which charges will be automatically reinstated.

E.　　The defendant agrees to pay the $100 special assessment owed in this case on the day the court imposes sentence. The defendant understands that any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, Social Security, food stamps, and welfare. Additionally, the defendant agrees to complete the Financial Statement of Debtor declaring all income, assets, and expenses, and include a copy of the

(Defendant and attorney initial after approving page correction *[initials]*
JAY ROBERT DARLING Plea Agreement　　*[initials]* SET

defendant's last Federal Income Tax form filed. Any false statements contained in the financial statement will subject the defendant to a separate prosecution for making False Statements to the United States pursuant to 18 U.S.C. § 1001. The defendant agrees to return the statement and all required attachments to the United States prior to the release of the draft presentence report prepared by the United States Probation office. A failure to abide by this condition or a failure to prove truthful and complete financial information will be a breach of this agreement.

III. **WHAT THE GOVERNMENT AGREES TO DO**

A.  In exchange for the defendant's plea of guilty to Count 5 of the Indictment in this case, the United States agrees to dismiss Counts 1-4 at the conclusion of the sentencing hearing, and the United States also agrees not to prosecute the defendant further for any known offenses arising out of the subject of the investigation. Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed or not initially filed (Defendant and attorney initial after approving page correction *[initials]*)

JAY ROBERT DARLING Plea Agreement

Page 6 of 20

Exhibit B - Page 6 of 20

pursuant to the terms of this agreement, which charges will be automatically reinstated.

    B.    If the defendant is completely candid and truthful with both the court and the United States Probation Office in admitting his criminal conduct and he meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a three level downward adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation.

    C.    The United States agrees not to seek any upward departures under the U.S.S.G. or any other authority.

## IV. ADVISEMENT OF MAXIMUM PENALTIES AND CONDITIONS OF SENTENCE

    A.    The maximum statutory penalties for Count 5 of the Indictment, Mail Fraud, a violation of 18 U.S.C. § 1341, as charged in this case, against this defendant, include the following: 1) 5 years imprisonment, 2) a $250,000 fine, 3) a $100 mandatory special assessment, and 4) up to three years of supervised

JAY ROBERT DARLING Plea Agreement

Page 7 of 20

Exhibit B - Page 7 of 20

release.

B.  Pursuant to Comment 7 to U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

C.  Pursuant to 18 U.S.C. 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date.

D.  Upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release.

E.  There is no anticipated restitution pursuant to 18 U.S.C. 3663 and U.S.S.G. §5E1.1.

F.  All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

JAY ROBERT DARLING Plea Agreement

V. **GUIDELINE APPLICATIONS AND SENTENCING ISSUES (THE FOLLOWING ESTIMATES ARE AGREED UPON BY THE PARTIES, BUT DO NOT BIND THE COURT)**

**Count 1, Mail Fraud: U.S.S.G. § 2F1.1[1]:**

Base Offense Level (U.S.S.G. § 2F1.1(a)) .................... 6

"Loss, More than $2,500,000" (U.S.S.G. § 2F1.1(b)(1)(N)) ... 13

"More than minimal planning" (U.S.S.G. § 2F1.1(b)(2)(A)) .. +2

"Conscious or reckless risk of serious bodily injury"
(U.S.S.G. § 2F1.1(b)(4)(A)) ............................... +2

Subtotal .................................................. 23

Acceptance of Responsibility .............................. -3

Non-Binding Estimated Total .............................. 20

Non-binding Estimated Criminal History ............... I or II

Non-binding Estimated
Sentencing Range .............. 33-41 months or 37-46 months

Fine Range U.S.S.G. § 5E1.2(c)(3) ............. $7,500-75,000

Supervised Release Range ........................ 0-3 years

A. The parties recognize that U.S.S.G. § 2F1.1 applies to a violation of 18

---

[1] United States Sentencing Commission Guidelines effective November 1, 1995.

JAY ROBERT DARLING Plea Agreement

Page 9 of 20

Exhibit B - Page 9 of 20

U.S.C. § 1341.

B. The parties agree that the **intended loss** in this case, for sentencing purposes was approximately $3 million.

C. The parties agree that the offense involved more than minimal planning.

D. The parties agree that the offense involved the conscious or reckless risk of serious bodily injury.

E. As stated in Part I B. above, the defendant agrees that the court is not bound by the parties' estimations of the defendant's guideline sentence range contained in this agreement.

F. The parties have no agreement on the defendant's criminal history category. The government **estimates** that it will be Category I or II. The defendant understands that the court may find the defendant's criminal history to be higher than that estimated by the United States.

G. The parties agree that neither the United States nor the defendant will seek any upward or downward sentencing departures.

H. The defendant fully understands the court has total discretion to

determine the ultimate sentence and that the defendant will not be permitted to withdraw the plea of guilty or appeal the sentence imposed in this case if the court deviates from the sentencing estimates or recommendations made by either the United States or defense counsel.

## VI. **ELEMENTS OF THE OFFENSE**

In order to sustain a conviction for mail fraud, a violation of 18 U.S.C. § 1341, as charged in Count 5 of the Indictment, the United States would have to prove the following elements beyond a reasonable doubt:

> ONE: The defendant participated in a scheme or plan to defraud life insurance companies, State Farm and Lincoln Benefit Life.
>
> TWO: That the defendant acted with intent to defraud; and
>
> THREE: That the defendant knowingly caused a claim form and death certificate to be mailed in furtherance of the scheme.

## VII. **FACTUAL BASIS FOR THE PLEA**

Between May of 1992, and the summer of 1997, Jay Darling told

several friends of a plan to obtain life insurance that would pay in the event of his death; and that he then planned to fake his death in a kayaking accident so that his wife could collect large amounts of life insurance money.

Jay Darling married Wanda Wood Darling on April 2, 1997, and on April 9, 1997, Jay Darling, and his wife, Wanda Darling, applied for $3 million (the intended loss) in term life insurance from State Farm Insurance Company. In the application Jay Darling falsely inflated income amounts so that he could obtain large amounts of insurance benefits.

In July, 1997, State Farm accepted the Darlings' April 9, 1997, term life insurance application, but for lesser coverage amounts than the requested $3 million. Instead, State Farm authorized a policy which covered Jay Darling for $500,000, and covered Wanda Darling for an additional $500,000.

After obtaining the State Farm policy, Jay Darling applied for term life insurance through another insurance company, Allstate, which wrote a policy under Lincoln Benefit Life. In this application, Jay Darling reported a $90,000

(Defendant and attorney initial after approving page correction)

JAY ROBERT DARLING  Plea Agreement

Page 12 of 20

Exhibit B - Page 12 of 20

annual salary when, in fact, he was unemployed.

On or about September 19, 1997, the defendant, Jay Robert Darling, caused to be delivered, by U.S. Mail, to Lincoln Benefit Life, Robert D. Tisdale, Lincoln Benefit Life Center, Lincoln NE 08501-0469, a claim form for insurance benefits and a certified copy of a death certificate for Wanda Fay Wood Darling.

This mailing was made pursuant to a scheme and artifice to defraud life insurance companies. The scheme and artifice involved more than minimal planning, and involved a conscious or reckless risk of serious bodily injury, either to Jay Darling, or to others. Darling denies that it was a part of the scheme that after Wanda Darling's death that he would falsely claim that the death was accidental.

## VIII. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (D)(7) and (8), the plea agreement adequately reflects the seriousness of the actual offense behavior, in no way undermines the statutory purpose of sentencing, and contemplates a sentence in accord with the applicable guideline range. The agreement acknowledges the defendant's acceptance of responsibility, and lowers the defendant's sentencing

range accordingly. The anticipated sentence will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate himself.

## IX. DEFENDANT'S AGREEMENT AND UNDERSTANDING OF THE TERMS OF THIS PLEA AGREEMENT

I, JAY ROBERT DARLING, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my agreement to and understanding of this plea agreement as follows:

A. I wish to enter a plea of guilty to Count 5 of the Indictment in this case which charges me with Mail Fraud, a violation of 18 U.S.C. §1341.

B. My attorney, Sue Ellen Tatter, has explained the charge to which I am pleading guilty and the necessary elements, and the consequences of my plea.

C. I am admitting that the allegations against me in Count 5 of the Indictment, and the factual bases for my plea are true.

D. I understand that by pleading guilty I give up and I agree to waive the following rights:

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to a speedy and public trial by a jury on the issues of my guilt.

-- The right to object to the composition of the grand or petit jury;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial--I understand am not waiving my right to have counsel represent me during the sentencing phase of my case;

-- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

JAY ROBERT DARLING Plea Agreement

-- The right to contest the validity of any searches conducted on my property or person.

E. I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence. Knowing this, I voluntarily waive my right to appeal my conviction. Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case, if the court accepts this agreement and imposes a sentence no greater than the statutory maximums available for this offense. Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, including forfeiture, except for a challenge based upon ineffective assistance of counsel -- based on information not now known by me and which, in the exercise of due diligence, could not be known by me by the time the court imposes the sentence--which affected either my guilty plea or the sentence imposed by the court. I am fully satisfied with the representation given me by my attorney, Sue Ellen Tatter. We have discussed all possible defenses to the charges in the charging instrument. My attorney has investigated my case and

JAY ROBERT DARLING Plea Agreement

Page 16 of 20

followed up on any information and issues I have raised with her to my satisfaction and she has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factor that will affect the sentence calculation in my case. We have also discussed the sentencing estimates prepared by the government, and agreed upon by me, contained in this agreement.

F. I further understand that if I plead guilty, there will not be a trial and that the court will ask me under oath to answer questions about this offense. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

G. I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

H. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the court may impose if I plead guilty. I

understand that the discussions between me and my attorney concerning my sentence exposure or the actual sentence the court might impose are only estimates and do not bind the court. I understand that the court has the ultimate discretion to determine the sentence to be imposed in my case. As specifically set forth in this agreement in paragraph I. B. above, I understand that if the court deviates from the parties' sentencing recommendations I cannot withdraw my guilty plea or withdraw from this agreement, and that I am waiving my right to appeal the court's sentencing decision.

　　I.　I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission.

　　J.　This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea. There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement. If there were, I would so inform the court. I understand that if I breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause, arising out of the investigation

JAY ROBERT DARLING  Plea Agreement

of this case, and to reinstate any charges dismissed pursuant to this agreement.

K. I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the court should find me incompetent to enter into this agreement or to enter my plea. I understand the consequences of my guilty plea. I understand that I may lose or be denied federal benefits, loans, grants, licenses, Social Security, welfare, and food stamps as a result of being convicted of the offenses contained in the charging document. I enter into this agreement knowingly and voluntarily. I therefore wish to enter a plea of guilty to Count 5 of the Indictment, which charges me with Mail Fraud, in violation of 18 U.S.C. § 1341.

DATED: 1-14-03

JAY ROBERT DARLING
Defendant

As counsel for the defendant, I have discussed with him the terms of this plea agreement, have fully explained the charge to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question his competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question

JAY ROBERT DARLING Plea Agreement

the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 1/14/03

_____
SUE ELLEN TATTER
Attorney for Jay Robert Darling

On behalf of the United States, the following accept JAY ROBERT DARLING's offer to plead guilty under the terms of this plea agreement.

DATED: 1/15/03

_____
CRANDON RANDELL
Assistant U.S. Attorney

DATED: 1/15/03

_____
TIMOTHY M. BURGESS
United States Attorney

JAY ROBERT DARLING Plea Agreement

Page 20 of 20

Exhibit B - Page 20 of 20